## E. SNYDER v. JAMES HARGUS, et al.

PROMISSORY NOTE, *Without Consideration.* In an action on a promissory note, where the defendant sets up in his answer that the note was given for nursery stock shipped by the plaintiff from Illinois to the defendant, in Kansas; that, by the agreement of the parties, the nursery stock was to be of good quality, in good condition, and shipped in good condition, and in box cars; but that in fact, it was not of good quality, not in good condition, not shipped in good condition, and not shipped in box cars, but in open cars, and was wholly worthless when it was received by the defendant; and that about four months afterward, upon the representations of the plaintiff that the nursery stock was of good quality and in good condition when shipped, and was shipped in good condition, and in box cars; and that it was the fault of the railroad company that it was not in good condition when delivered to the defendant; and that the defendant's remedy was against the railroad company, and not against the plaintiff, and the defendant believing the representations of the plaintiff, gave the promissory note sued on; and the representations of the plaintiff were wholly false, and it was not the fault of the railroad company that the nursery stock was not in good condition and was worthless: *Held*, That the promissory note given was without consideration, and that the defendant set up a good defense to the plaintiff's cause of action.

*Error from Doniphan District Court.*

ACTION brought by *Hargus* and another, partners, against *Snyder*, on a promissory note. Trial at the March Term,

1880, of the district court, and judgment for the plaintiffs. *Snyder* brings the case here. The opinion contains a sufficient statement of the facts.

*W. D. Webb,* for plaintiff in error.

*Nathan Price,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on a promissory note, brought by Hargus and Sommers against Snyder. The defendant answered, setting up that the note was given for nursery stock which was shipped in the spring of 1876 by the plaintiffs, from Quincy, Illinois, to the defendant, in Doniphan county, Kansas; that by the agreement between the plaintiffs and defendant, the nursery stock was to be of particular kinds, of good quality, in good condition, and shipped in good condition, in box cars; but that in fact it was not of the quality agreed upon, was not in good condition, was not shipped in good condition, and was not shipped in box cars; but was shipped in open cars, and that it was wholly worthless and valueless when received by the defendant; that afterward, on the 26th day of August, 1876, the plaintiffs represented to the defendant that the nursery stock when shipped was of the quality agreed upon, and in the condition agreed upon, and that it was shipped in good condition, and in box cars, as agreed upon; but that the railroad company did not do its duty; that there had been an accident on the road, and that the nursery stock had been changed from box cars to open cars, and that the injury to the nursery stock which rendered it worthless and valueless had occurred while it was being shipped from Illinois to Kansas, and because of the fault of the railroad company, and that the defendant's remedy was against the railroad company, and not against the plaintiffs; and the defendant, believing the plaintiffs, then gave them said promissory note; but that the representations made by the plaintiffs were wholly false; that the nursery

27—26 KAS.

stock had not been injured from any fault of the railroad company, but that its worthlessness was due entirely to the fault of the plaintiffs. This is the substance of the answer, though we have not used the words of the defendant. The defendant states the facts in greater detail than we have stated them.

The plaintiffs demurred to this answer, on the ground that it did not state facts sufficient to constitute a defense to the plaintiffs' cause of action; and the court below sustained the demurrer, and rendered judgment in favor of the plaintiffs and against the defendant for the amount of the promissory note. The defendant then brought the case to this court.

The only question presented in this court is, whether the said answer of the defendant stated facts sufficient to constitute a defense to the plaintiffs' cause of action. We think it did. If the answer of the defendant stated the facts correctly, and the plaintiffs by their demurrer admit that it did, then there was no consideration for the promissory note. It seems strange that the defendant, after receiving the nursery stock in the spring, should not have been better informed on August 26, afterward; but still, as he was not informed, and gave his note ignorantly, and because of the false representations of the plaintiffs, we do not think that the plaintiffs have any just right to recover. That does not give them any right to recover something for nothing. (6 Wait's Actions and Defenses, 567 to 579, and cases there cited.)

The judgment of the court below will be reversed, and cause remanded for further proceedings.

All the Justices concurring.